# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                                      Case No. 23-cr-18 (MJD/DJF)

               Plaintiff,

v.                                                                                  **ORDER**

 Brandon Travis Billups,

               Defendant.

This matter is before the Court on the parties' motions for discovery, disclosure, and other non-dispositive relief. Having reviewed the parties' submissions, the Court does not believe a hearing would be necessary or helpful to resolve these disputes. Based on the non-dispositive motions, and on the entire file, the Court enters the following Order.

### I.   The Government's Motion for Discovery (ECF No. [13])

The Government seeks discovery and disclosure as required by Rules 16(b), 12.1, 12.2, 12.3 and 26.2 of the Federal Rules of Criminal Procedure. The Government's motion is **GRANTED** insofar as Mr. Billups shall provide discovery to the extent required by the applicable Rules. As the Court previously ordered (ECF No. 14 ¶ 4), with respect to expert discovery pursuant to Rules 16(a)(1)(G) and 16(b)(1)(C), the following deadlines shall apply:

    a.   Initial expert disclosures: **28 days prior to trial**

    b.   Rebuttal expert disclosures:  **14 days prior to trial.**

### II.   Mr. Billups's Motion for Pretrial Disclosure of 404 Evidence (ECF No. [16])

Mr. Billups's motion for disclosure of evidence the Government may introduce pursuant to Federal Rule of Evidence 404(b) is **GRANTED**. The Government shall provide the notice

required by Rule 404(b) at least two weeks before trial, but the Court encourages the Government to disclose such evidence as soon as practicable to avoid unnecessary delays.

### III. Mr. Billups's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant (ECF No. [17])

Mr. Billups's motion to compel the Government to disclose evidence favorable to the defendant is **GRANTED** to the extent required by *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Giglio*, 405 U.S. 150 (1972), and their progeny. These cases impose affirmative and ongoing disclosure obligations on the Government.

### IV. Mr. Billups's Pretrial Motion for Discovery and Inspection (ECF No. [18])

Mr. Billups's motion is **GRANTED** insofar as the Government shall provide discovery to the extent required by Rules 16 and 26.2 of the Federal Rules of Civil Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), the Jencks Act, and all other applicable statutory and constitutional rules. With respect to expert discovery pursuant to 16(a)(1)(G) and 16(b)(1)(C), as the Court previously ordered (ECF No. 14 ¶ 4), the following deadlines shall apply:

a. Initial expert disclosures: 28 days prior to trial.

b. Rebuttal expert disclosures: 14 days prior to trial.

### V. Mr. Billups's Pretrial Motion to Disclose and Make Informant Available for Interview (ECF No. [19])

Mr. Billups moves the Court to compel the Government to disclose the identity of any informant or informants the Government utilized in its investigation of this matter, to make disclosures regarding those informants, and to make such informants available for interview.

The Government opposes disclosing the identity of any informant who merely observed or supplied information that was used in support of a search warrant. (ECF No. 22 at 2-3.) In the case of any informant whom the Government intends to call as a witness at trial, though, the

Government agrees to disclose or confirm that person's identity or whereabouts at least seven days prior to trial.  (*Id.* at 3-4.)  The Government further objects to making any informant available for interview.  (*Id.* at 4.)

"The Government has a general, although not absolute, 'privilege to withhold the disclosure of the identity of a confidential informant.'"  *United States v. Washington*, No. 21-cr-126-ADM-ECW, 2022 WL 538878, at *16 (D. Minn. Feb. 23, 2022) (quoting *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001), *report and recommendation adopted*, 2022 WL 1658175 (D. Minn. May 25, 2022).  "In a motion to compel disclosure of a confidential informant, the defendant bears the burden of demonstrating a need for disclosure."  *United States v. Lapsley*, 334 F.3d 762, 763 (8th Cir. 2003) (citation omitted).  "The court must weigh the defendant's right to information against the government's privilege to withhold the identity of its confidential informants."  *Id.* at 763–64 (quotation omitted).

There is no litmus test to determine whether disclosure is justified; instead, courts must consider "the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors."  *Rovario v. United States*, 353 U.S. 53, 62 (1957).  With that said, "one of the most relevant factors to be weighed by the court in determining whether to order disclosure is whether or not the evidence is *material* to the accused's defense or a fair determination of the cause."  *United States v. Harrington*, 951 F.2d 876, 877 (8th Cir. 1991) (brackets omitted) (emphasis in original) (quoting *United States v. Barnes*, 486 F.2d 776, 778 (8th Cir. 1973)).  "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."  *Id.* at 878.  But ultimately, "[w]here the disclosure of an informer's identity, or of the contents of his communication, is

relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Rovario*, 353 U.S. at 60–61.

Generally speaking, "[w]here the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense[,]" and disclosure is required. *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995). In contrast, in "cases involving 'tipsters' who merely convey information to the government but neither witness nor participate in the offense, disclosure is generally not material to the outcome of the case and is therefore not required." *Harrington*, 951 F.2d at 878. Moreover, the Government's "disclosure obligation with respect to material confidential informants is generally satisfied when it provides a defendant with information pertaining to an informant's identity and location so that the defendant may contact the informant to request an interview or use the informant as a witness." *United States v. Cree*, Crim. No. 12-26(4) JRT, 2012 WL 6194395, at *5 (D. Minn. Dec. 12, 2012).

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion. The Government need only disclose the identity of any informant who was a witness to or participant in the crimes charged and whom the Government intends to call at trial. The Government shall disclose or confirm any such person's identity and whereabouts at least seven days prior to trial. *See, e.g.*, *United States v. Martin*, Crim. No. 18-268 (PJS/TNL), 2019 WL 2171815, at *4 (D. Minn. May 20, 2019) (ordering disclosure of identity of informant seven days prior to trial); *United States v. Taylor*, No. Crim. No. 18-352 (JRT/TNL), 2018 WL 6040435, at *3 (D. Minn. Nov. 19, 2018) (same); *Cree*, 2012 WL 6194395, at *5 (same). But the Government is not required to make any informant available for interview. *Cree*, 2012 WL 6194395, at *5. The Court finds that seven days' notice is a sufficient amount of time for Mr. Billups to contact any informant and request an interview. *Id.*

4

**VI.      Mr. Billups's Motion for Early Disclosure of Jencks Act Material (ECF No. [20])**

Mr. Billups's Motion for early disclosure of Jencks Act material is **DENIED**.  *United States v. White*, 750 F.2d 726, 728–29 (8th Cir. 1984).  However, the Government has agreed to continue to discuss this disclosure, and states that it will likely produce its Jencks material well in advance of trial but no later than three days prior to trial.  The Court encourages the Government to disclose its Jencks material as soon as possible to avoid unnecessary delays at trial and to promote the fairness of the proceedings.

**VII.     Mr. Billups's Pretrial Motion for Government Agents to Retain Rough Notes and Evidence (ECF No. [21])**

Mr. Billups's Motion for an order requiring the Government's investigators to retain and preserve their rough notes is **GRANTED**.  Disclosure of rough notes is not required at this time.


Dated: March 10, 2023                              *s/ Dulce J. Foster*
                                                    DULCE J. FOSTER
                                                    United States Magistrate Judge

5