UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                    **MEMORANDUM OF LAW & ORDER**
                    Criminal File No. 23-00018 (MJD)

BRANDON TRAVIS BILLUPS,

        Defendant.

Katherine T. Buzicky, Assistant United States Attorney, Counsel for Plaintiff.

Brandon Travis Billups, Defendant, pro se.

## I.   INTRODUCTION

This matter is before the Court on Defendant Brandon Travis Billups' pro se Motion to Vacate, Set Aside, or Correct his Sentence Under 28 U.S.C. § 2255. (Doc. 51.)  The Court held the case in abeyance while the Eighth Circuit decided United States v. Jackson, which was on remand from the Supreme Court.  144 S. Ct. 2710 (Mem.) (July 2, 2024).  On August 8, 2024, the Eighth Circuit decided Jackson [hereinafter "Jackson II"].  110 F.4th 1120, 1129 (8th Cir. 2024), reh'g en banc denied, 121 F.4th 656 (2024).  This spring, the Supreme Court denied the plaintiff's petition for a writ of certiorari.  See Jackson v. United States, 145 S. Ct.

1

2708 (Mem.) (May 19, 2025). Therefore, the Eighth Circuit's decision in Jackson II controls and the case was ripe for decision after the stay was lifted and the Government responded to Billups' motion. (Doc. 69.) For the following reasons, Billups' motion is denied.

II.   **BACKGROUND FACTS**

On January 25, 2023, Billups was indicted in Count 1 with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and in Count 2 with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (Doc. 11.) Count 2 stemmed from an incident that occurred on December 13, 2022 when law enforcement attempted a traffic stop of Billups' Dodge Ram pickup in St. Paul, Minnesota due to outstanding felony arrest warrants. (PSR ¶¶ 8-9.) Instead of stopping, Billups drove across a residential yard, struck the residence, damaged a gas line and a vehicle parked in the driveway, reversed the truck and proceeded to strike an unmarked squad car and several other vehicles before ultimately crashing into a light pole. (Id. ¶ 9.) Billups then fled on foot before law enforcement apprehended him after a short pursuit. (Id.) When police searched Billups' truck, they found a loaded .45-caliber semiautomatic pistol with an altered/obliterated serial number. (Id. ¶ 10.)

## III. BILLUPS' PLEA AND SENTENCING

On April 20, 2023, Billups pleaded guilty to Count 2 of the Indictment. (Doc. 27.) Billups' Plea Agreement contained an appeal waiver. Billups agreed to waive his right to appeal any non-jurisdictional issues, his guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which he pled guilty, preserving only the right to appeal the substantive reasonableness of a prison term longer than 92 months. (Id. ¶ 12.) He also waived his right to file a motion under 28 U.S.C. § 2255, except based on a claim of ineffective assistance of counsel or a retroactive change in the law that rendered his conviction or sentence illegal. (Id.)

On December 12, 2023, the Court granted Billups a downward variance from his sentencing guidelines of 92-115 months and sentenced him to 80 months in prison followed by three years supervised release. (PSR ¶¶ 98, 103; Doc. 48 at 2-3.) Billups did not appeal his sentence.

## IV. DISCUSSION

### A. Standard for Relief under 28 U.S.C. § 2255

28 U.S.C. § 2255(a) provides the following:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that

3

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted). Alternatively, the procedural default can be excused if the defendant can demonstrate that he is actually innocent. Bousley v. United States, 523 U.S. 614, 622 (1998).

A petitioner is entitled to an evidentiary hearing on a § 2255 motion, "[u]nless the motion and the files of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

> [A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.

Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (citations omitted).

4

**B.     Billups' § 2255 Motion**

Billups seeks relief based on the Supreme Court's decision in New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1, 70 (2022), which held that a New York Law requiring "proper cause" to carry a firearm violated the Second Amendment. Billups argues that following Bruen, his conviction under § 922(g)(1) violates the Second Amendment. (Doc. 51 at 1-2.) Billups also asserts that his prior felony convictions that support his § 922(g)(1) conviction for felon in possession of a firearm are "insufficient to justify the challenged regulation of Second Amendment rights." (Id. at 2.) However, Billups fails to develop this second claim in his "Memorandum of Law in Support of Motion to Vacate, Set Aside, or Correct Sentence." (Doc. 52.) Moreover, as discussed below, even if he had, the arguments would have been unavailing because the Court could not entertain "felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." Jackson II, 110 F.4th at 1125.

**a)     Billups Waived his Right to File his Claims**

Billups waived his right to file a motion under 28 U.S.C. § 2255, except based on a claim of ineffective assistance of counsel or a retroactive change in the law that rendered his conviction or sentence illegal. (Doc. 27 ¶ 12.) "A

5

defendant may waive the right to seek collateral relief under § 2255." <u>Ackerland v. United States</u>, 633 F.3d 698, 701 (8th Cir. 2011) (citations omitted). Courts enforce the waiver if "the claim raised falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and waiver, and enforcement of the waiver would not result in a miscarriage of justice." <u>Id.</u>

Here, Billups does not argue that he did not enter into the plea agreement knowingly and willingly or that he did not understand what rights he was giving up. Nor could he make that argument. (<u>See</u> Doc. 27 ¶¶ 1, 3, 4, 12, 13, 14 (places in plea agreement where Billups agreed that he was acting knowingly and/or voluntarily).) Moreover, enforcing this waiver would not result in a miscarriage of justice. First, Billups does not argue ineffective assistance of counsel. Second, to the extent he is trying to assert a claim based on a retroactive change in the law, that claim fails because <u>Bruen</u> was decided approximately 18 months before Billups was sentenced. More importantly, <u>Bruen</u>, held that law-abiding citizens have the right to keep and bear arms in public for self-defense without showing a special need to do so but "subject to certain reasonable, well-defined restrictions." 597 U.S. at 70 (citing <u>District of Columbia v. Heller</u>, 554

U.S. 570, 581 (2008)).  Heller, the first in the Supreme Court's current line of gun rights cases, affirmed an individual's right to own some firearms for self-defense purposes, but cautioned that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons."  554 U.S. at 626.  No case the Supreme Court has decided since Heller has disturbed this pronouncement.

Although Bruen generated several challenges to federal criminal statutes prohibiting the possession of firearms, including § 922(g)(1), none has successfully challenged the prohibition on gun ownership by felons.  Shortly after Bruen was decided, the Eighth Circuit rejected a claim that § 922(g)(1) was unconstitutional in United States v. Jackson, 69 F.4th 495, 502 (8th Cir. 2023) ("Jackson I") (subsequent history omitted).  Jackson I, however, was summarily vacated by the Supreme Court's June 21, 2024 decision in United States v. Rahimi, 602 U.S. 680 (2024).  See Jackson v. United States, No. 23-6170, 144 S. Ct. 2710 (July 2, 2024).

On remand, the Eighth Circuit again found § 922(g)(1) constitutional because Congress "acted within the historical tradition when it enacted § 922(g)(1) and the prohibition on possession of firearms by felons."  Jackson II, 110

F.4th at 1129. As discussed above, the United States Supreme Court denied further review of Jackson II this May. See Jackson, 145 S. Ct. 2708. Therefore, the Eighth Circuit's decision controls. See also, e.g., United States v. Peck, 131 F.4th 629, 632 ("In Jackson, we noted that 'history supports the authority of Congress to prohibit possession of firearms by persons who have demonstrated disrespect for legal norms of society' and concluded that 'there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1).'"), reh'g denied, 2025 WL 1454974 (8th Cir. May 21, 2025); United States v. Harris-Franklin, 146 F.4th 631, 637 n.2 (8th Cir. 2025) (holding that Jackson II foreclosed defendant's Second Amendment argument); United States v. Mull, 113 F.4th 864, 869-70 (applying Jackson II and citing Eighth Circuit cases applying the case), reh'g denied, 2024 WL 4492049 (8th Cir. Oct. 15, 2024); United States v. Glass, No. CR 22-00075 (MJD), 2025 WL 1249635, at *2 (D. Minn. Apr. 30, 2025) ("Section 922(g)(1) remains constitutional despite significant changes in Second Amendment jurisprudence since 2022 and the Supreme Court's decision in Bruen.") (citing Jackson II, 110 F.4th at 1129).

Based on this discussion, Billups' claims fall squarely within his plea agreement waiver and he has not shown that an exception under Ackerland applies in this case. Billups' claim will be dismissed.

### b) Billups is not Entitled to an Evidentiary Hearing

After a thorough review of Billups' claims, the Court finds that "the motion and the files of the case conclusively show that the prisoner is entitled to no relief" and therefore, Billups' petition can be dismissed without an evidentiary hearing. 28 U.S.C. § 2255(b); Engelen, 68 F.3d at 240.

### C. No Certificate of Appealability Shall Issue

Because the basis upon which the Court dismisses is not fairly debatable, a certificate of appealability ("COA") will not issue in this matter. See 28 U.S.C. § 2253(c)(2) (defendant is entitled to a COA "only if [he] has made a substantial showing of the denial of a constitutional right"); Slack v. McDaniel, 529 U.S. 473, 478 (2000) (a COA must issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right").

Accordingly, the Court will not issue a certificate of appealability.

## V. ORDER

Based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. Defendant Brandon Travis Billups' Pro Se Motion to Vacate, Set Aside, or Correct his Sentence Under 28 U.S.C. § 2255 **[Doc. 51]** is **DENIED**;

2. This matter is **DISMISSED**; and

2. No Certificate of Appealability shall issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  November 12, 2025          s/Michael J. Davis
                                   Michael J. Davis
                                   United States District Court